WIENER, Circuit Judge,
with whom POLITZ, Chief Judge, and BENAVIDES and DENNIS, Circuit Judges, join, specially concurring.
Despite having written the panel majority opinion which was automatically vacated when we voted to rehear this case en banc, I nevertheless concur in the opposite result reached in the foregoing en banc majority opinion and in virtually all of its pronouncements. More specifically, I concur in the majority opinion’s analysis of (1) the doctrine of “special state relationship” in section IIA., (2) the “state-created-danger theory” in section IIB., and (3) the theory of public school supervisors’ liability, in section III, for then-own “deliberate indifference” to the rights of public school students to be free from violation of their bodily integrity as guaranteed by the Constitution — as far, that is, as section Ill’s analysis goes. But I am constrained to write this short special concurrence in light of the hiatus I discern in section Ill’s “deliberate indifference” analysis.
The introductory paragraph of section III quotes portions of the plaintiffs amended complaint that list post-hiring occurrences allegedly known or learned — but disregarded — by school and school board officials. Inexplicably, though, the majority then implicitly characterizes the plaintiffs reliance on Doe v. Taylor ISD as complaining only of the supervisors’ deliberate indifference in not conducting adequate pre-hiring background checks. In like manner, the remainder of section III discusses and analyses “egregious hiring decisions”[1] and the absence of a legal “duty to protect students from threats of other sorts of third parties,” without ever addressing the supervisors’ alleged disregard of post-hiring reports.
Although I am in complete agreement with that part of section III which insists that in the public school context the theory of deliberate indifference does not impose on supervisors an affirmative or active “duty to protect,” I am puzzled by the majority opinion’s failure to mention, much less discuss, the potential liability of public school supervisors for breach of the negative or passive duty *1418 not to be deliberately indifferent to post-hiring reports and complaints of misconduct that presages violations of students’ constitutional rights of bodily integrity. Doe v. Taylor ISD makes clear that the obligation of public school supervisors not to be deliberately indifferent to such harbingers of harm is not grounded in an active duty to protect while at the same time recognizing the existence of a passive duty not to ignore or disregard such clear predictors of impending constitutional violations. The failure of today’s majority opinion to address this aspect of deliberate indifference, choosing instead to discuss only the pre-hiring background check manifestation of deliberate indifference, creates the hiatus to which I refer.
I concede that, like his inability to amend the complaint to allege facts constituting a nexus between alleged pre-hiring deficiencies and Miss Doe’s rape, the plaintiff also found it impossible to allege facts constituting a sufficient nexus between the rape of his daughter and the school supervisors’ purported gross disregard of post-hiring reports and complaints of sexual misconduct by members of the school’s custodial staff. The bothersome void in the majority opinion’s analysis, though, is its total failure to discuss the facet of supervisory liability for breach of the passive or negative duty not to ignore reports of such misconduct and the potentiality for liability of supervisors whose deliberate indifference can be shown to provide the required nexus with the violation of a student’s constitutional right.
This hole in the analysis is easily filled by observing that nothing in the majority opinion stands for the proposition that cognizant public school supervisors enjoy per se immunity from liability for breach of their duty not to be deliberately indifferent — whether in pre-hiring background cheeks or in post-hiring attention to egregious behavior — when such indifference is shown to have a real nexus with a violation of a student’s bodily integrity by a third party. In other words, nothing in today’s majority opinion lessens or curtails the ability of the law to conclude that public school supervisors, as state actors, are the actual perpetrators of the violation of a student’s constitutional right to bodily integrity when evidence is sufficient to demonstrate that there is a “real nexus” between the violation suffered by the student and such supervisors’ deliberate indifference to reports or complaints of abuse. As to this aspect of the instant case, all that our rehearing en banc has demonstrated is that this particular plaintiff found it impossible to allege facts upon which the law could thus deem the Hillsboro school supervisors to be the actual perpetrators of Miss Doe’s violation by virtue of their deliberate indifference to her rights, either in hiring the school custodians or in not heeding reports of miscreant behavior, regardless of whether the rapist was or was not acting under color of state law. With this one gap thus bridged, I concur.

. Emphasis added.